# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

NO. 7:10-CV-100-FL

| | |
|---|---|
| TASHA S. MANNING, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> COLUMBUS CO. DEPARTMENT OF ) <br> SOCIAL SERVICES, ) <br> ) <br> Defendant. ) <br> _____) | **MEMORANDUM AND** <br> **RECOMMENDATION** |

Plaintiff filed an application to proceed *in forma pauperis* on May 25, 2010 (DE-1). She was instructed to particuarlize her application on June 3, 2010 (DE-4). In her particularized application, Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915(e)(2).

Because Plaintiff failed to comply with Local Civil Rule 17.1(d) she was ordered to file redacted versions of various documents no later than June 14, 2010. These documents were

1

originally submitted in support of her complaint and contained the names of juveniles in unredacted form. She was instructed that "[f]ailure to . . . [submit redacted documents] shall result in a recommendation by the undersigned that Plaintiff's complaint be dismissed." Plaintiff did not file the redacted documents as instructed.

Moreover, in her complaint Plaintiff seeks the "return . . . [of her] child to . . . [her] physical custody . . ."(DE 2-1, pg. 6). However, "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006)(*citing* Cole v. Cole, 633 F.2d 1083, 1087 (4th Cir.1980)). This is because child custody matters are better handled by state courts which have the experience to deal with this specific area of the law. *Id.*

For these reasons, the undersigned RECOMMENDS that Plaintiff's complaint be dismissed as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, June 17, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE